******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

STATE OF CONNECTICUT *v.* ROBERT KENNIBREW
(AC 40970)

Alvord, Cradle and Palmer, Js.

*Syllabus*

Convicted of the crimes of murder, felony murder and robbery in the first
degree in connection with the death of the victim, the defendant appealed
to this court from the judgment of the trial court denying his motion
to correct an illegal sentence. The sentencing court had imposed concur-
rent terms of forty-five years of imprisonment each on the murder and
felony murder convictions but did not merge the convictions or vacate
the felony murder conviction. In his motion to correct, the defendant
claimed that the convictions of murder and felony murder violated the
constitutional prohibition against double jeopardy and that the court
should vacate the felony murder conviction under a retroactive applica-
tion of *State* v. *Polanco* (308 Conn. 242), in which the Supreme Court
held that, when a defendant has been convicted of a greater and a lesser
included offense in violation of the prohibition of double jeopardy, the
proper remedy is for the trial court to vacate the conviction of the lesser
offense. The trial court incorrectly stated that the sentencing court had
merged the defendant's convictions of murder and felony murder and
determined that, because the rule adopted in *Polanco* was procedural,
it did not apply retroactively to the defendant's convictions. *Held* that
the trial court improperly denied the defendant's motion to correct an
illegal sentence, as his conviction of murder and felony murder, which
are a single crime for double jeopardy purposes, violated the prohibition
against double jeopardy; contrary to the trial court's incorrect statement
that the defendant's convictions of murder and felony murder had been
merged, the defendant remained subject to two concurrent sentences
for convictions that were cumulative, and, thus, at the time of the filing
of his motion to correct an illegal sentence, he remained burdened by
multiple punishments for the same offense; accordingly, the proper
remedy, consistent with *Polanco*'s directive, was vacatur, and the judg-
ment was reversed and the case was remanded with direction to vacate
the felony murder conviction and to resentence the defendant.

Submitted on briefs October 5—officially released November 2, 2021

*Procedural History*

Substitute information charging the defendant with
the crimes of murder, felony murder and robbery in
the first degree, brought to the Superior Court in the
judicial district of Middlesex, where the defendant was
presented to the court, *Higgins, J.*, on pleas of guilty;
judgment of guilty; thereafter, the court, *Gold, J.*, denied
the defendant's motion to correct an illegal sentence,
and the defendant appealed to this court. *Reversed*;
*further proceedings*.

*Bradford Buchta*, senior assistant public defender,
filed a brief for the appellant (defendant).

*Michael A. Gailor*, state's attorney, and *Linda F.
Rubertone* and *Russell C. Zentner*, senior assistant
state's attorneys, filed a brief for the appellee (state).

*Opinion*

ALVORD, J. The defendant, Robert Kennibrew, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant claims that his convictions and sentences for murder and felony murder, arising from the killing of a single victim, violate the double jeopardy clause of the fifth amendment to the United States constitution and the Connecticut constitution.[1] The state, in its appellate brief, concedes that the defendant "remains burdened by multiple punishments for the same offense" and agrees with the defendant that this court should remand the case to the trial court with direction to vacate the defendant's felony murder conviction and to resentence the defendant. We agree with the parties.

The record reflects the following procedural history that is relevant to this appeal. On April 7, 1998, the defendant pleaded guilty to murder in violation of General Statutes § 53a-54a,[2] felony murder in violation of General Statutes § 53a-54c, and robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), in connection with the shooting death and robbery of the victim. The trial court, *Higgins, J.*, sentenced the defendant to forty-five years of incarceration with respect to the murder conviction, forty-five years of incarceration with respect to the felony murder conviction, and twenty years of incarceration with respect to the robbery conviction. The court ordered the sentences to run concurrently, resulting in a total effective sentence of forty-five years of incarceration. The defendant's convictions of murder and felony murder were not merged, nor was the conviction of felony murder vacated, during the sentencing proceeding or at any time thereafter.

The defendant filed a motion to correct his sentence on May 27, 2016, and, following the appointment of counsel, a revised motion, dated February 28, 2017. The defendant argued that his convictions of murder and felony murder with respect to the death of one victim violated the constitutional prohibition against double jeopardy and that cumulative convictions lead to adverse collateral consequences. Relying on *State* v. *Miranda*, 317 Conn. 741, 755–56, 120 A.3d 490 (2015), the defendant argued that "[m]erger is no longer the appropriate remedy" and requested that the court vacate the felony murder conviction.

The court, *Gold, J.*, heard argument on the motion on July 18, 2017. The state and the defendant agreed that "there should no longer be a sentence on the felony murder [conviction]." The question presented to the court was whether the convictions should be merged or the felony murder conviction vacated. The state argued that *State* v. *Chicano*, 216 Conn. 699, 725, 584 A.2d 425 (1990) (overruled in part by *State* v. *Polanco*, 308 Conn.

242, 61 A.3d 1084 (2013)), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991), was the controlling authority at the time of the defendant's sentencing and, therefore, the court should merge the defendant's convictions. The state asserted that *State* v. *Polanco*, 308 Conn. 242, 245, 61 A.3d 1084 (2013), in which our Supreme Court terminated the use of the merger of convictions approach and readopted vacatur as a remedy for cumulative convictions that violate double jeopardy protections, was not given retroactive effect. The defendant reiterated his argument that merger is no longer the appropriate remedy and that the conviction of felony murder should be vacated. In support of that argument, the defendant maintained that "cumulative convictions for the single victim lead to an adverse collateral consequence" and directed the court to our Supreme Court's statement in *State* v. *Miranda*, supra, 317 Conn. 753, that it was "not convinced that the opaque remedy of merger can be implemented in a manner that consistently protects defendants from the potential collateral consequences . . . ."

The parties appeared before the court on August 21, 2017, on which date the court issued its oral ruling denying the defendant's motion to correct an illegal sentence. The court incorrectly stated that, with respect to the convictions of murder and felony murder, that Judge Higgins had "merged those convictions, leaving the convictions intact, but merging them pursuant to the then existing law." Neither the state nor the defendant's counsel informed the court that the convictions never had been merged.

The court then stated that the defendant's motion "asks the court to apply, retroactively, to [his] 1998 conviction the new law in Connecticut first discussed in . . . *Polanco* that rejected the merger rule that had long been in place and had, instead, adopted a rule whereby defendants convicted of murder and felony murder would have the felony murder conviction actually vacated, and it was that relief that [the defendant] asked the court to award here." The court first determined that the motion to correct was an appropriate procedural vehicle for the defendant to seek his requested relief. The court then identified the question before it as "whether or not the rule adopted in *Polanco* is appropriately applied retroactively to [the defendant's] 1998 conviction." The court found the rule adopted in *Polanco* to be procedural, determined that it did not rise to the level of "a watershed procedural rule,"[3] and concluded that it did not apply retroactively to the defendant's 1998 conviction. Accordingly, the court denied the defendant's motion. This appeal followed.

On appeal, the defendant claims that the court erred in denying his motion to correct an illegal sentence.

Specifically, he argues: "First, the trial court incorrectly found that Judge Higgins merged the defendant's convictions and sentences in 1998. That was incorrect, as the defendant's multiple convictions and sentences have never been remedied. Second, the trial court incorrectly concluded that remedying the double jeopardy violation by applying the rule of vacatur adopted by our Supreme Court in *State* v. *Polanco*, [supra] 308 Conn. 242 . . . would amount to an impermissible retroactive application of that decision. That was also incorrect because, as stated earlier, the defendant's multiple convictions and sentences were not merged in 1998. As such, upon the defendant's motion, the trial court was asked for the first time to remedy this clear double jeopardy violation." The state, abandoning the argument it made before the trial court that merger is the proper remedy in this case, responds that, "in light of the existing double jeopardy violation arising from the defendant's cumulative homicide convictions, the state agrees with the defendant that this court should reverse the judgment of the trial court and remand the matter for resentencing with direction to apply the *Polanco-Miranda* vacatur procedure, which presently is the applicable law in Connecticut." We agree with the parties.

We first set forth our standard of review and legal principles governing motions to correct an illegal sentence. "Practice Book § 43-22 provides in relevant part that [t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner . . . . It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment [only] before the sentence has been executed. . . . This is so because the court loses jurisdiction over the case when the defendant is committed to the custody of the [C]ommissioner of [C]orrection and begins serving the sentence. . . . Without a legislative or constitutional grant of continuing jurisdiction . . . the trial court lacks jurisdiction to modify its judgment. . . .

"Because the judiciary cannot confer jurisdiction on itself through its own rule-making power, [Practice Book] § 43-22 is limited by the common-law rule that a trial court may not modify a sentence if the sentence was valid and its execution has begun. . . . Therefore, for the trial court to have jurisdiction to consider the defendant's claim of an illegal sentence, the claim must fall into one of the categories of claims that, under the common law, the court has jurisdiction to review. . . .

"[A]n illegal sentence is essentially one [that] . . . exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . In accordance with this summary, Connecticut courts have considered

four categories of claims pursuant to [Practice Book] § 43-22. The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable. . . .

"This court has recognized that a claim is cognizable in a motion to correct an illegal sentence if it is a challenge specifically directed to the punishment imposed, even if relief for that illegal punishment requires the court to in some way modify the underlying convictions, such as for double jeopardy challenges." (Citations omitted; internal quotation marks omitted.) *State* v. *Smith*, 338 Conn. 54, 59–60, 256 A.3d 615 (2021). "[C]aims of double jeopardy involving multiple punishments present a question of law to which we afford plenary review." (Internal quotation marks omitted.) *State* v. *Coleman*, 204 Conn. App. 860, 868–69, 254 A.3d 938, cert. denied, 337 Conn. 907, 253 A.3d 45 (2021).

We next set forth our Supreme Court's jurisprudence with respect to the doctrines of merger and vacatur. In *State* v. *Chicano*, supra, 216 Conn. 725, our Supreme Court opined that when a defendant is convicted of and sentenced on both a greater and lesser included offense in violation of the double jeopardy clause, the proper remedy is for the court to merge the convictions, "vacating the sentence for the lesser included offense, but leaving the conviction for that offense intact and merging it with the conviction for the greater offense." *State* v. *Johnson*, 316 Conn. 34, 39, 111 A.3d 447 (2015), citing *State* v. *Chicano*, supra, 725. In *State* v. *Polanco*, supra, 308 Conn. 245, our Supreme Court "revisited the appropriate remedy to which a defendant should be entitled upon establishing that he had been convicted of and sentenced on both a greater and lesser included offense in violation of the double jeopardy clause." *State* v. *Johnson*, supra, 39. The defendant in *Polanco* argued that *Rutledge* v. *United States*, 517 U.S. 292, 307, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996), required our Supreme Court to "eschew the merger of convictions approach, and, instead . . . to vacate the conviction for the lesser offense." *State* v. *Polanco*, supra, 248. Our Supreme Court declined to resolve the issue on constitutional grounds. Id. Instead, the court deemed it appropriate to exercise its inherent supervisory authority over the administration of justice to terminate the use of the merger of convictions approach and hold that, "when a defendant has been convicted of greater and lesser included offenses, the trial court must vacate the conviction for the lesser offense rather than merging the convictions . . . ." Id., 245; see also id., 255. Subsequently, in *State* v. *Miranda*, supra, 317 Conn. 751–53,

our Supreme Court extended the vacatur remedy prescribed in *Polanco* to double jeopardy violations arising out of cumulative convictions for the same offense.

On October 11, 2018, this court, sua sponte, ordered the briefing in this matter stayed pending the release of our Supreme Court's decision in *State* v. *Smith*, supra, 338 Conn. 54. In *Smith*, the defendant was convicted in 2005, following a jury trial, of felony murder and manslaughter in the first degree, among other crimes. Id., 55–56. The trial court merged the conviction of manslaughter with the felony murder conviction and sentenced the defendant to sixty years of imprisonment on the felony murder conviction. Id., 56. In 2015, the defendant, representing himself, "filed a motion to correct an illegal sentence in which he contended that the sentence was illegal under the *Polanco* supervisory rule because the court merged the convictions instead of vacating the conviction on the manslaughter charge." Id. The court denied the motion, accepting the state's argument that, because *Polanco* was decided pursuant to our Supreme Court's supervisory authority, it did not apply retroactively. Id. This court affirmed the judgment of the trial court. Id. Our Supreme Court granted the defendant's petition for certification to appeal, limited to the following issue: "Does this court's holding in . . . *Polanco* . . . readopting vacatur as a remedy for a cumulative conviction that violates double jeopardy protections, apply retroactively?" (Internal quotation marks omitted.) Id. In its brief to our Supreme Court, the state claimed, for the first time, that the trial court "lacked subject matter jurisdiction to entertain the defendant's motion to correct an illegal sentence because the motion sought only to modify the defendant's conviction, not his sentence."[4] Id., 56. The Supreme Court agreed with the state. Id., 56–57. It explained that, "when cumulative convictions affect a *sentence* in any manner, the trial court has jurisdiction to entertain a motion to correct an illegal sentence." (Emphasis in original.) Id., 63. In *Smith*, however, "the defendant ha[d] not claimed that his *sentence* was affected *in any manner* by the allegedly cumulative convictions. No sentence was imposed on the defendant's merged manslaughter conviction, and it is undisputed that the only remedy sought by the defendant, namely, vacatur of that conviction, will have no effect on the length, computation or structure of his sentence." (Emphasis in original.) Id., 63–64. The court noted that it was not aware of any appellate authority holding that "trial courts have jurisdiction to correct an illegal sentence under Practice Book § 43-22 when the alleged double jeopardy violation had no impact whatsoever on the sentence imposed." Id., 64. Accordingly, our Supreme Court concluded that the trial court lacked jurisdiction to entertain the defendant's motion to correct an illegal sentence. Id.

We now turn to the present case, in which the defen-

dant pleaded guilty to and was convicted of both murder and felony murder, and received two concurrent sentences for those convictions. "Our Supreme Court has analyzed the legislative history of the felony murder statute and concluded that the legislature intended that intentional murder and felony murder are alternative means of committing the same offense and should be treated as a single crime for double jeopardy purposes." *State* v. *Benefield*, 153 Conn. App. 691, 709–10, 103 A.3d 990 (2014), cert. denied, 315 Conn. 913, 106 A.3d 305, cert. denied, 575 U.S. 1041, 135 S. Ct. 2386, 192 L. Ed. 2d 172 (2015); see also *State* v. *John*, 210 Conn. 652, 695, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989), and cert. denied sub nom. *Seebeck* v. *Connecticut*, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989). Because the defendant was convicted of both murder and felony murder, which are a single crime for double jeopardy purposes, the defendant's cumulative convictions violate the prohibition against double jeopardy.

*State* v. *Smith*, supra, 338 Conn. 63, in which the trial court at the time of sentencing had merged the defendant's manslaughter conviction with his felony murder conviction and "[n]o sentence was imposed on the defendant's merged manslaughter conviction," does not guide our consideration of the present case. Here, contrary to the court's statement at the time of the denial of the defendant's motion to correct his illegal sentence, the defendant's convictions of murder and felony murder had not been merged. Instead, the defendant remained subject to two concurrent sentences for convictions that were cumulative, in violation of double jeopardy principles. Thus, at the time of the filing of his motion to correct an illegal sentence, the defendant in the present case remained burdened by multiple punishments for the same offense. The court, therefore, improperly denied the defendant's motion to correct an illegal sentence.

As noted previously, the parties are in agreement that the proper remedy in the present case is to remand the matter to the trial court with direction to vacate the defendant's conviction of felony murder. In its appellate brief, the state expressly agrees with the defendant "that this court should reverse the judgment of the trial court and remand the matter for resentencing with direction to apply the *Polanco-Miranda* vacatur procedure, which presently is the applicable law in Connecticut." Under the circumstances of the present case, in which the defendant's cumulative convictions, imposed prior to our Supreme Court's decision in *Polanco*, were never merged and the defendant remains burdened by multiple punishments for the same offense in violation of double jeopardy principles, we agree with the parties that the proper remedy is vacatur, rather than merger.

We note that our conclusion as to the appropriate

remedy in this case does not rest on a retroactive application of the *Polanco* supervisory rule. Rather, because the double jeopardy violation presently exists, the proper remedy, consistent with *Polanco*'s directive, is vacatur. Moreover, the policy concerns that led the court in *Polanco* to conclude that vacatur was the proper remedy apply with equal force in this case. As the court explained in *Polanco*, its decision to reject the merger of convictions approach was supported by the fact that the United States Court of Appeals for the Second Circuit no longer provided a jurisprudential foundation for continued use of the merger approach, and the court found no compelling reason to adhere to an approach that was not in conformity with the approach applied by other circuit courts of appeals. Additionally, the court in *Polanco* noted that "it is difficult to know whether collateral consequences would necessarily result from use of the merger approach. Still, although we do not rest our decision on constitutional grounds, we think it wise to adhere to an approach that the federal courts seem to conclude is *less* likely to give rise to collateral consequences, which are oftentimes 'legion' . . . and may produce devastating results for a defendant." (Citation omitted; emphasis in original.) *State* v. *Polanco*, supra, 308 Conn. 255–56 n.5. Accordingly, we agree with the parties that the proper remedy in the present case is vacatur.

The judgment is reversed and the case is remanded with direction to vacate the conviction of felony murder and to resentence the defendant.

In this opinion the other judges concurred.

[1] "The fifth amendment to the United States constitution provides in relevant part: '[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . .' Although our state constitution does not contain an explicit prohibition on double jeopardy, it is well settled that 'the due process and personal liberty guarantees provided by article first, §§ 8 and 9, of the Connecticut constitution have been held to encompass the protection against double jeopardy.' . . . The protection that the state constitution provides against double jeopardy is 'coextensive with that provided by the constitution of the United States.' " (Citation omitted.) *State* v. *Drakes*, 321 Conn. 857, 865, 146 A.3d 21, cert. denied, U.S. , 137 S. Ct. 321, 196 L. Ed. 2d 234 (2016).

[2] The defendant pleaded guilty to murder under the *Alford* doctrine. "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *State* v. *Tabone*, 292 Conn. 417, 421 n.7, 973 A.2d 74 (2009).

[3] "With two exceptions, a new rule will not apply retroactively to cases on collateral review. . . . First, if the new rule is substantive, that is, if the rule places certain kinds of primary, private conduct beyond the power of the criminal lawmaking authority to proscribe . . . it must apply retroactively. Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him. . . .

"Second, if the new rule is procedural, it applies retroactively if it is a watershed [rule] of criminal procedure . . . implicit in the concept of ordered liberty . . . meaning that it implicat[es] the fundamental fairness

and accuracy of [a] criminal proceeding. . . . Watershed rules of criminal procedure include those that raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." (Citations omitted; internal quotation marks omitted.) *Casiano* v. *Commissioner of Correction*, 317 Conn. 52, 62–63, 115 A.3d 1031 (2015), cert. denied sub nom. *Semple* v. *Casiano*, 577 U.S. 1202, 136 S. Ct. 1364, 194 L. Ed. 2d 376 (2016).

[4] After oral argument before our Supreme Court, that court ordered the parties to submit supplemental briefs on the following issue: "Is this court's holding pursuant to its supervisory authority in *State* v. *Polanco*, [supra, 308 Conn. 255], that vacatur is the proper remedy for a cumulative conviction that violates double jeopardy protections, as that holding was expanded and clarified by this court's decision in *State* v. *Miranda*, [supra, 317 Conn. 741], constitutionally mandated under the double jeopardy clause of the United States constitution or is merger of the cumulative convictions a constitutionally permissible remedy?" (Internal quotation marks omitted.) *State* v. *Smith*, supra, 338 Conn. 56 n.1. Because the court concluded that the trial court lacked jurisdiction over the defendant's motion to correct an illegal sentence, the court did not address the issue raised in its request for additional briefing. Id.

---